IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
**HONORABLE A. BRUCE CAMPBELL**

| | |
|---|---|
| In re: ) | |
| ) | |
| MICHAEL THEODOR GEORGE BURCH ) | Case No.  11-27539 ABC |
| ASHLEY RAE BURCH, ) | Chapter 7 |
| Debtor(s). ) | |

ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT

Before the Court is the Motion to Set Aside Default Judgment and Reset Hearing on Law and Motion ("Motion'), filed by Western Funding, Inc. ("Western"), the Response filed by Debtors, and Western's Reply.  The Court has considered the foregoing and the file in this matter and finds as follows.

On September 9, 2013, Debtors filed a Motion to Redeem a 2004 Chrysler PT Cruiser ("Vehicle").  Debtors alleged that Western held a lien on the Vehicle, and that the Vehicle's "wholesale value" was $1,795.00, less the cost of needed repairs of $1,593.92, for a net value of $205.00.  Debtors asserted that they could redeem the Vehicle, pursuant to 11 U.S.C. § 722, by paying Western $205.00 – the value of Western's secured claim.  Western objected to the Debtor's Motion to Redeem, contending that the value of the Vehicle was much higher.

The Court set a hearing on this contested matter for October 30, 2013 at 9:00 a.m.  The Court's record reflects that notice of the hearing was sent, on October 18, 2013, through the Court's CM/ECF electronic mail system to Western's attorney ("Counsel") and his paralegal. *See*, Docket #66.  The notices were sent to the email addresses provided by Counsel to the Court at the time Counsel became an authorized user of the Court's electronic filing system.[1]  The hearing notice contained procedures for parties wishing to appear at the hearing by telephone which directed such parties to call the Court within 10 minutes prior to the hearing time and to enter the appropriate meeting ID number.  When the matter was called at approximately 9:00 a.m. on October 30, 2013, Counsel did not appear in Court or by phone.  The Court attempted to reach Counsel by phone, but this effort was unsuccessful.  Accordingly, the Court found Western in default, and ordered that the Debtors could redeem the Vehicle within 40 days for the amount set forth in Debtors' Motion to Redeem. *See*, Minutes of Proceedings at Docket #73.

On October 31, 2013, Western filed the instant Motion.  Counsel asserts that he did not appear at the hearing because his paralegal did not receive the electronic notice of the hearing, and that, accordingly, Western's default was the result of excusable neglect.  A motion to set aside a default judgment for excusable neglect may be made pursuant to Fed. R. Civ. P. 60(b)(1),

---

[1] According to L.B.R. 5005-4(f), by obtaining an electronic filing password from the court, Counsel consented to "electronic service pursuant to Fed. R. Bankr. P. 9036 of all notices . . . issued by the court," and waived "the right to receive all notice and service by mail *from the court."* (Emphasis in original).  The electronic filer registration form reiterates that each applicant agrees to electronic service of "pleadings and other papers from the Court."  See L.B.R. 5005-4APP.

made applicable to this contested bankruptcy matter by Fed. R. Bankr. P. 9024. While Debtors and Western focus their arguments primarily on the existence or lack of Western's meritorious defense to Debtors' Motion to Redeem, it is clear that Western first bears the burden of demonstrating excusable neglect and, then, only if it meets this burden, of showing a purported meritorious defense. *Marcus Food Co. v. DePanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011))(citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc*., 715 F.2d 1442, 1445 (10th Cir. 1983)).

The determination whether neglect is "excusable" under Rule 60(b)(1) is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993). Relevant factors to consider include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* Fault in the delay is perhaps the single most important factor in determining whether neglect is excusable. *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004). In Rule 60(b)(1) analysis, parties are fully responsible for the acts and omissions of their attorneys, who are their freely selected agents. *Pioneer,* 507 U.S. at 396-97.

In determining whether Western's failure to appear at the October 30 hearing was the result of "excusable neglect," the Court has carefully considered its own records and the allegations in Western's Motion which, for purposes of ruling on the Motion, the Court considers to be true. These sources demonstrate the following. First, as noted above, notice of the hearing was sent to Counsel (and his paralegal) by electronic mail on October 18, 2013. Second, Counsel acknowledges that he knew that his paralegal was not receiving email notifications from the Court at some time prior to October 24, 2013. *See* Motion at ¶¶ 6-10. He was again notified on October 24 – six days prior to the hearing on Debtors' Motion to Redeem – that notifications were "still not getting through" to his paralegal in charge of calendaring. *See* Motion at ¶¶ 10.

The Court has also considered what is conspicuously absent from the Motion and the Court records: it is very significant that there is no evidence or allegation, (1) that Counsel did not himself actually receive electronic notice of the hearing; (2) that there was any problem with notification to Counsel or his paralegal caused by a failure in the Court's CM/ECF electronic mail system; or (3) that after learning, more than six days prior to the scheduled hearing**,** that his paralegal in charge of scheduling had not received "many, if not all" notices from the Court during "most of October," see Motion at ¶¶ 5-6, Counsel took **any** action to try to determine if there were any hearings which did not get placed on his calendar. *See*, *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146-47 (10th Cir. 1990)(party's failure to come forward with affidavit or otherwise fill void in explanatory evidence concerning reason for neglect may be considered in determination that neglect is not excusable).

The Court, having considered all the factors set forth above, concludes that Western's neglect is not excusable. Counsel has offered no explanation for the failure to heed the notice of hearing that was sent to him or any explanation for his failure to attempt to learn of the hearing

date once he became aware of the problems in his office with electronic notices sent to his employee in charge of calendaring. Given the seriousness of the problem and the relative ease with which the hearing date could have been ascertained (e.g., by reviewing his own unread or deleted emails, by searching the Court records in his pending cases, or by calling the Court), the Court finds Counsel's carelessness verges on indifference.

We are in a time of increasing caseload demands on the federal judiciary, coupled with decreasing appropriations with which to meet these demands. In these circumstances, increasing efficient use of technology is essential to maintenance of the public's access to the federal courts. The Court has considered the catastrophic impact on the Court and prejudice to opposing parties if attorneys who have consented to receive electronic notices of hearings from the Court may obtain relief from orders on the basis of excusable neglect because they did not have actual notice due to their own disregard and no fault of the court. All of these factors lead the Court to conclude that relief under Rule 60(b)(1) is not warranted in this case.

Western also has sought relief under Rule 60(b)(6) for "any other reason justifying relief" from a judgment or order. Relief under Rules 60(b)(1) and 60(b)(6) are mutually exclusive. *Pioneer*, 507 U.S. 380 at 393; *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1174 (10th Cir. 2000)(Rule 60(b)(6) may only be invoked for causes not specified in Rule 60(b)(1)-(5)). Since Western's motion is premised only on its attorney's neglect in failing to calendar the hearing date, it has stated no grounds for relief under Rule 60(b)(6). Accordingly, it is

ORDERED that the Motion to Set Aside Judgment by Default is denied.

DATED: November 20, 2013          BY THE COURT:

_____
A. Bruce Campbell,
United States Bankruptcy Judge